**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LENORA TAYLOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-08-2244 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION**</u>

Before this Court is Plaintiff's Motion to Alter, Amend, or Vacate Judgment (hereinafter "Plaintiff's Motion") (Docket Item No. 41). The Court has reviewed Plaintiff's Motion and the Opposition and Reply thereto.  No hearing is deemed necessary. Local Rule 105.6 (D. Md.).  For the following reasons, the Court hereby DENIES Plaintiff's Motion.

I.     **Background**

A. *Factual Background*

On March 28, 2004, Plaintiff attended a special sale at the commissary on Andrews Air Force Base.  The sale was located in a crowded and confined area.  During the sale, and while the area was "teeming" with patrons, Defendant used mechanical equipment to place additional merchandise in the sale area.  Defendant instructed the patrons to remain still while the equipment was in use.  After Defendant instructed patrons to resume shopping, Plaintiff stepped backward and fell onto the equipment, injuring herself.  Plaintiff sues Defendant to recover for those injuries and other damages.

1

On September 19, 2009, the Court held a bifurcated bench trial to determine liability. The Court found that Defendant was negligent.  The Court also found, however, that because the equipment over which Plaintiff fell was an "open and obvious" forklift, Plaintiff was contributorily negligent under Maryland law and therefore barred from recovery.  Plaintiff submits the present motion urging the Court to modify its ruling.

### B.  Plaintiff's Argument

Plaintiff moves to alter, amend or vacate the judgment for Defendant.  Plaintiff brings this motion under Federal Rules of Civil Procedure 59(a)(2) and 60(b), arguing that the Court's finding that the equipment over which Plaintiff fell was a forklift and the Court's finding of contributory negligence are erroneous.  In the alternative, Plaintiff also contends that even if the Court continues to find that the equipment was a forklift, contributory negligence remains inapplicable because, under the doctrine of strict liability, Defendant created an abnormally dangerous condition and is liable for Plaintiff's injuries.

Although Plaintiff supports the Court's finding that Defendant was negligent, she contends that the weight of the evidence does not support a finding of contributory negligence on her part.  Plaintiff argues that in finding that the materials handling equipment was a forklift and not a hand-operated pallet jack or an electric pallet jack loader, the Court erroneously relied on a limited portion of evidence and that the weight of the evidence cannot support a finding that the equipment was a forklift.  Instead, Plaintiff contends that the "…preponderance of the evidence supports a finding that the equipment in question was the substantially smaller and more easily obscured pallet jack."  Plaintiff's Motion, at 13.

Pointing to the Court's dicta at trial, Plaintiff contends that had the Court not found that the equipment was a forklift, it would likely not have found contributory negligence. Plaintiff's Motion, at 7. The Court's finding of contributory negligence was contingent upon finding that the equipment was a forklift, which is a more "open and obvious" hazard than are hand-operated pallet jacks and electric pallet jack loaders. Plaintiff argues that had the Court found that the equipment was a different type, contributory negligence would be inapplicable.

Plaintiff argues in the alternative that even if the equipment was a forklift, contributory negligence is inapplicable because the doctrine of strict liability for abnormally dangerous conditions applies. Relying on two Maryland cases, Yommer v. McKenzie, 257 A.2d 138 (Md. 1969) and Kirby v. Hylton, 443 A.2d 640 (Md. Ct. Spec. App. 1982), Plaintiff contends that in driving the forklift into a crowded area, Defendant created an abnormally dangerous condition, which subjects it to strict liability for any injuries resulting from that action. Plaintiff contends that the abnormally dangerous condition could have been easily avoided with Defendant exercising reasonable care. Defendant did not exercise reasonable care, and consequently created an abnormally dangerous condition resulting in Defendant being strictly liable for Plaintiff's injuries.

Plaintiff finally argues that the Federal Torts Claim Act ("FTCA") waives immunity for strict liability claims and that the "due care exception" is inapplicable where the government's lack of due care creates an abnormally dangerous situation. Plaintiff's Reply, at 3. The goal of the exception is not to preclude legitimate claims, rather it is "to preclude testing the legality of a statute or regulation by a tort action." Id., at 4.

### C.  *Defendant's Argument*

Defendant argues that Plaintiff has not met her burden to demonstrate that the Court's ruling at trial "was clearly erroneous, nor has [Plaintiff] presented evidence not previously available at trial or an intervening change in law."  Defendant's Response, at 1.  Defendant points to the legal standard in Pacific Insurance v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), where the Court stated that the Fourth Circuit recognizes "three grounds for amending a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."  Based on this standard, Defendant submits that Plaintiff's Motion rests entirely on the argument that the Court's findings result in "manifest injustice."  Defendant argues that a "clearly erroneous" standard requires "the previous ruling need only be 'plausible in light of the record viewed in its entirety.'"  Defendant's Response, at 2.

Defendant maintains that the Court's ruling that the equipment in question was a forklift was correct, despite Larry Browning's contrary identification at trial.  As he testified, Mr. Browning worked in the Commissary in 2004 and was working on the day of the incident.  Although Mr. Browning did not witness the incident, his work at the Commissary made him intimately acquainted with the materials handling equipment used in the Commissary at that time; he had special knowledge of the equipment in dispute.  Although Mr. Browning testified that the equipment was an electric pallet jack loader, his identification was based on his subjective belief, not his personal observation of the accident.  Mr. Browning also testified that the only materials handling equipment in the commissary on the day in question that emitted a noise and had shiny metal blades was the forklift.  Defendant's Response, at 6.  Defendant

argues that the Court found reliable Mr. Browning's testimony regarding the types and characteristics of the materials handling equipment at the commissary in 2004.

Citing <u>Pacific Insurance</u>, Defendant further argues that Plaintiff's strict liability argument is improper because the argument is novel and novel arguments are precluded from use in Rule 59 motions.  Defendant's Response, at 6-8.  From the beginning, Plaintiff proceeded under a negligence theory and this strict liability argument first appears in the present motion.

Defendant finally argues that sovereign immunity bars Plaintiff's strict liability claim.  The FTCA provides a waiver of sovereign immunity for torts committed by the government, but "it is settled law that the United States cannot be found liable under theories of strict liability."  Defendant's Motion, at 9.  "The FTCA only confers jurisdiction on federal courts to hear matters pertaining to "the negligent act or omission of any employee of the government.'"  Defendant's Response, at 9 *quoting* 28 U.S.C.A. § 1346(b).

## II.     Analysis

### A.   Standard of Review

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(a)(2), 59(e), and 60(b).  Rule 59 provides the legal framework for a judge to alter, amend, or reconsider a previous final judgment.  Rule 59(a)(2) provides such framework for action after a non-jury trial and 59(e) provides that a motion must be made within ten days of the judgment.[1]  Rule 60(b)

---

[1] 59(a)(2):  Further Action After a Non-Jury Trial.  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
59(e):  Motion to Alter or Amend a Judgment.  A motion to alter of amend a judgment must be filed no later than 10 days after the entry of the judgment.

provides the grounds for relief from a final judgment, providing five specific grounds for such a remedy, including "mistake, inadvertence, surprise, or excusable neglect" and one catch-all stating relief may be granted for "any other reason that justifies relief."[2]

Plaintiff mistakenly brings this motion under Fed. R. Civ. P, Rule 60(b)(1) and (6).  In the Fourth Circuit "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."  MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (quoting Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)).  The judgment to which Plaintiff objects was rendered on August 24, 2009.  Plaintiff filed the present motion on August 31, 2009, seven days after judgment.  This seven day period clearly falls within the ten day period prescribed by the Fourth Circuit.  As such, the Court will proceed only under a Rule 59(e) analysis.

Although Rule 59(e) does not itself provide a standard for altering or amending the judgment, the Fourth Circuit has "previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pacific Insurance v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th

---

[2] 60(b):  Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  1)  mistake, inadvertence, surprise, or excusable neglect;
  2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  4)  the judgment is void;
  5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  6)  any other reason that justifies relief.

Cir. 1998).  See also, <u>E.E.O.C. v. Lockheed Martin Corp.</u>, 116 F.3d 110, 112 (4th Cir. 1997);

<u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993).  Plaintiff's Motion is premised on the

idea that the Court was mistaken in its judgment, and not on the basis that there is any

mechanical or procedural problem with that judgment.  Plaintiff's Motion rests on a

disagreement with the Court's factual and legal findings; however, "mere disagreement does not

support a Rule 59(e) motion."  <u>Hutchinson</u>, 994 F.2d at 1082.  The Fourth Circuit has opined that

a court ruling may withstand a motion to alter or amend if the trial court's findings are "factually

supported and legally justified."  <u>Hutchinson</u>, 994 F.2d at 1081-82 (where the court found that

the trial court's reversal of its initial judgment was improper because the initial judgment was

"far from being clear error, [and] the district court's initial fee award was factually supported and

legally justified").  In the present case, the Court's factual findings and legal analysis are both

factually supported and legally justified.

       B.   *Weight of Evidence*

            i.   *The Court's finding that the machine was a forklift was reasonable given the evidence presented.*

The kind of equipment on which Plaintiff fell presents a clear factual dispute.  However,

the weight of the evidence presented at trial supports a finding that the equipment in question

was a forklift, and not a hand-operated pallet jack or electric pallet jack loader.  Because of the

issue of contributory negligence in this case, the type of equipment itself proved dispositive for

deciding liability.  The Court properly determined that the equipment was a forklift, basing its

finding on all of the evidence presented, which included trial testimony, exhibits, and deposition

testimony.  It focused not on the labels non-expert witnesses assigned to equipment, but rather on

the witness' descriptions of the equipment, matching those descriptions with the characteristics

of the equipment itself.

At trial, Plaintiff explicitly identified the equipment as a hand-operated pallet jack but also testified that the equipment emitted a noise and had shiny metal blades.  In her deposition testimony, which was presented, Plaintiff explicitly stated that the equipment was an electric pallet jack loader.  She also stated that it was a hand-operated pallet jack, and she again indicated that it emitted a noise and had shiny metal blades.  At trial, Mr. Browning identified the equipment as an electric pallet jack loader but that the only equipment in the commissary in 2004 with shiny blades and that emitted a sound was a forklift.  The Court credited Plaintiff's consistent description of the equipment emitting a noise and having shiny metal blades, and applied the description to Mr. Browning's identification of the equipment on hand.  Based on the evidence, the forklift was the only reasonable option presented to the Court.

The Court's finding in no way creates "manifest injustice" under the standard provided in Pacific Insurance, Lockheed Martin, and Hutchinson.  In E.E.O.C. v. Lockheed Martin Corp. the Fourth Circuit found that the District Court properly granted a motion for reconsideration where the original ruling was a "ruling based on an erroneous and inadequate record."  Lockheed Martin Corp., 116 F.3d at 122.  There is no such problem in the present case and it is clear that the Court's finding that the equipment was a forklift is based on entirety the evidence and sound logic.

> ii.  *The Court's conclusion that the machine was a forklift renders its finding of contributory negligence reasonable as well.*

At trial and properly following Maryland state common law, the Court found Plaintiff contributorily negligent.[3]  Maryland's "well established" doctrine of contributory negligence

---

[3] The contributory negligence "doctrine is a fundamental principle of Maryland negligence law, one deeply imbedded in the common law of this State, having been consistently applied by Maryland courts for [161] years." Harrison v. Montgomery County Bd. of Educ., 456 A.2d 894, 902 (Md. Ct. Spec. App. 1983).

renders "a plaintiff who fails to observe ordinary care for his own safety is contributorily negligent and is barred from all recovery, regardless of the quantum of a defendant's primary negligence." Harrison v. Montgomery County Bd. of Educ., 456 A.2d 894, 898 (Md. Ct. Spec. App. 1983) (where the court declined to judicially abrogate Maryland's contributory negligence law, in part because of *stare decisis*).  The forklift was large and very close to Plaintiff.  Plaintiff should have attended the forklift and exercised due care in moving about the crowded area, yet the evidence indicated that Plaintiff did not exercise due care around the "open and obvious" forklift and was therefore contributorily negligent and barred from recovery.

## C.  Strict Liability

### i.  Plaintiff's "abnormally dangerous condition" argument is novel and therefore inappropriate for a motion to reconsider.

Plaintiff's strict liability theory is novel, and yet there is "overwhelming authority that a party should not be permitted to raise new arguments or legal theories of liability on a motion to alter or amend the judgment under Rule 59(e)." Pacific Ins., 148 F.3d at 404.  "Rule 59(e) motions may not be used … to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id., at 403.  Plaintiff raises strict liability for the first time in Plaintiff's Motion, despite having ample time to do so in an amended complaint, in court filings, and at trial.  Because strict liability is a discrete legal theory being raised for the first time, it is improper under Rule 59.

### ii.  The "abnormally dangerous condition" argument is also inapplicable as a matter of law.

It is long-established precedent that the federal government cannot be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976).  The Federal Tort Claims Act

provides this consent for negligent actions or omissions by the government and its actors, but its waiver is limited; it precludes from its waiver strict liability claims.  28 U.S.C. § 2680(a).

The relevant exceptions clause states that the FTCA does not apply to "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid."  28 U.S.C. § 2680(a).  Known as the "due care exception," it is well-established that the exception limits the FTCA by precluding strict liability claims from waiver.  The "due care exception" applies in the present case, and is explained in long-standing Supreme Court jurisprudence.

The Supreme Court, first in Dalehite v. United States, 346 U.S. 15 (1953) and then reaffirming in Laird v. Nelms, 406 U.S. 797 (1972), announced that "the Federal Tort Claims Act [does] not authorize suits against the Government on claims based on strict liability for ultra hazardous activities."  Laird, 406 U.S. at 802-03, citing Dalehite v. United States, 346 U.S. 15 (1953).  The Laird opinion relied heavily on Dalehite, announcing that the Dalehite principle was controlling, and it definitively stated that the FTCA "[does] not authorize the imposition of strict liability of any sort upon the government."  Laird, 406 U.S. at 803.  The District of Maryland later applied the Laird rule in Welch v. United States, 316 F. Supp. 2d 252 (D. Md. 2004).[4]  The Welch court reiterated Laird and Dalehite.  It observed that the FTCA's immunity waiver is limited.  Id., at 254.  The FTCA's "plain language also bars claims … based on the non-negligent execution of a federal law," Id., at 255, in other words, strict liability claims.

---

[4] Although Welch focused on the type of challenge a plaintiff may make – challenging implementation of a law versus the law itself – the court's discussion of the limits of FTCA in its broader discussion remains relevant to the present case.  Plaintiff's general interpretation of Welch is correct, however, Plaintiff neglects the relevant and important discussion of FTCA's limits within the context of the opinion.

In arguing for waiving sovereign immunity, Plaintiff conflates the negligence and strict liability doctrines in the FTCA.  In response to Defendant's correct assertion that a claim of strict liability for abnormally dangerous conditions is barred, Plaintiff argues that the "due care exception" is inapplicable here because "the government employee's were not exercising due care and accordingly the due care exception now asserted by the Defendant is inapplicable." Plaintiff's Reply, at 4.  In short, Plaintiff argues that strict liability applies because Defendant's negligence *created* the abnormally dangerous condition.[5]  Regardless of state law, under the FTCA negligence does not create an abnormally dangerous condition which is then subject to strict liability; abnormally dangerous conditions by definition are inherently dangerous.  Laird, 406 U.S. at 798-99; Dalehite v. United States, 346 U.S. at 44.  ("absolute liability, of course, arises irrespective of how the tortfeasor conducts himself; it is imposed automatically when any damages are sustained as a result of the decision to engage in the dangerous activity.")

A strict liability theory does not include a negligence analysis or consider the care or lack of care taken.  Rather, strict liability claims are premised on the idea that no precautions – no amount of due care – could be taken for the activity to be safe, and any harm that comes from the activity renders the actor automatically liable.  If merely driving the machine into a crowded area created an abnormally dangerous condition, regardless of the care taken by the employees, that activity would render the government strictly liable.  However, the FTCA "due care exception" and also United States Supreme Court jurisprudence shield the government from precisely this type of liability.  The FTCA was designed to allow tort suits against the government based on the government's lack of due care – its negligence – and the FTCA waiver language of "act or

---

[5] Plaintiff also argues that Welch's holding was limited to the kind of challenged Plaintiffs may make; that "plaintiffs may challenge the manner in which government officers implement federal laws; they may not challenge the laws themselves."  Plaintiff's Reply, at 4.

omissions" and "due care" speaks specifically to a negligence analysis.  28 U.S.C. § 2680(a).

Strict liability is neither based in negligent acts nor omissions, and therefore it remains a viable

and complete defense for Defendant under the FTCA.

In sum, Plaintiff's negligence claim fails because of Plaintiff's contributory negligence

and Plaintiff's strict liability claim fails because it is novel and is barred by the FTCA.  Although

Plaintiff seeks a hybrid negligence/strict liability claim wherein negligence creates the conditions

for strict liability for abnormally dangerous activities, this theory is not founded on sound legal

doctrine.

### III.    Conclusion

The Court's finding at trial that the materials handling equipment on which Plaintiff fell

was forklift was reasonable.  This factual finding renders the Court's determination of

contributory negligence reasonable as well.  Plaintiff's strict liability for "abnormally dangerous

conditions" argument fails because the argument is novel and because the Federal Tort Claims

Act does not waive sovereign immunity, which applies in the present case.  The Court will enter

a separate order denying Plaintiff's Motion.

_____/s/_____

Charles B. Day
United States Magistrate Judge

CBD/ec